The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$1,101.00 IN UNITED STATES CURRENCY, more or less, and all proceeds therefrom, *et al.*,<br><br>Defendants. | No. 2:11-cv-2120-RSL<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT $25,000.00 AND DEFENDANT $6,550.00** |

Before the Court is the United States' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56.

The Court having reviewed the files and records herein and being fully informed finds that the Defendant $25,000.00 and the Defendant $6,550.00 (collectively "Defendant Currency") are subject to forfeiture and there is no genuine issue as to any material fact; accordingly,

IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment is GRANTED.

//

//

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment      1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

A. **The Standards Governing Summary Judgment**

Fed. R. Civ. P. 56(a) authorizes the granting of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of establishing that The movant bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The burden then shifts to the non-moving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Soremekun*, 509 F.3d at 984 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, (1986)).

B. **Claimant Lacks Standing to Contest the Forfeiture of the Defendant Currency**

A claimant bears the burden of establishing that he has Article III standing "to ensure that the government is put to its proof only where someone with a legitimate interest contests the forfeiture." *United States v. $557,933.89 in U.S. Currency*, 287 F.3d 66, 79 (2d Cir. 2002); *see* Supplemental Rule G(8)(c) (claimant has "the burden of establishing standing by a preponderance of the evidence"). To demonstrate Article III standing in a civil forfeiture action, a claimant must establish that he has a sufficient interest in the defendant property to create a case or controversy. *United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008) ("*Martin Lane*").

At the summary judgment stage, a claimant cannot rest on mere allegations, but must set forth by affidavit and other evidence specific facts to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *$133,420.00*, 672 F.3d at 638; *see Martin Lane*, 545 F.3d at 1140 ("a claimant must allege that he has an ownership or other interest in

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment    2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

the forfeited property") (quoting *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057 (9th Cir. 1994)).

"Owner" is defined for purposes of a civil forfeiture action as, "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6)(A). The definition of "owner," however, does not include "a person with only a general unsecured interest in, or claim against, the property." 18 U.S.C. § 983(d)(6)(B)(i). An owner also does not include a nominee "who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6)(B)(iii).

Ownership interests are defined by the law of the state in which the alleged interest arose. *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1013 (8th Cir. 2003).

### 1. Claimant Admits He Has No Ownership Interest in, Possession of, or Dominion and Control Over, the Defendant Currency

In this case, Claimant cannot meet his burden to establish standing because he admits in his discovery responses that he has no ownership interest in the Defendant Currency, stating that, "I do not have an ownership interest in any of the Defendant's [sic] funds." Specifically as to the Defendant $25,000.00, he admits that, "I do not have an ownership interest in any of the Defendant's [sic] funds. Likewise, as to the Defendant $6,550.00, he admits that, "I do not have an ownership interest in the Defendant's [sic] funds.

Further, Claimant admits that he had no possession, exercised no dominion or control, never acquired, had no exclusive access or control over the bedrooms and closets containing said funds, nor even had knowledge regarding how said funds were stored.

First, Claimant admits that he had no possession of the Defendant Currency.

Second, Claimant admits that he exercised no dominion or control over the Defendant Currency.

Third, Claimant admits that he never acquired the Defendant Currency.

Fourth, Claimant admits that he had no exclusive access or control over the bedrooms and closets where the Defendant Currency was stored.

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment    3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Finally, Claimant admits that he had no knowledge about how the Defendant Currency was stored.

While admitting that he has no ownership interest in the Defendant Currency, Claimant explains that, "I repeatedly provide funds to my parents for their daily living expenses as well as other needs." Accordingly, the transfer of the Defendant Currency by Claimant to his parents, as Claimant described it, constituted a gift under Washington state law. *See Sinclair v. Fleischman*, 773 P.2d 101, 103 (Wash. Ct. App. 1989) (setting forth the requirements for a completed gift as: (1) an intention of the donor to give; (2) a subject matter capable of passing by delivery; (3) an actual delivery; and (4) an acceptance by the donee). Moreover, Washington law provides that an "unexplained transfer of money from a parent to a child raises the presumption that a gift was intended." *Allaria v. Allaria*, 2005 WL 1685279, *4 (Wash. App. July 19, 2005) (citations omitted). Such presumption should equally apply to a transfer of money from an adult child to a parent.

      2.    <u>Other Evidence Establishes that Claimant has No Ownership</u>

Other evidence also shows that Claimant does not have an ownership interest in the Defendant Currency.

First, the Defendant $25,000.00 was seized in Claimant's father's bedroom along with a note stating in pertinent part that, "Dad's money 15,000 plus 10,000 = total 25,000." Such note indicates that said funds are at least partially "Dad's money," which presumably refers to Claimant's father, Thu Van Huynh, since the money was seized from his bedroom.

Second, Defendant $6,550.00 was seized from Claimant's mother's bedroom from inside the black bag along with a notebook/ledger. Such notebook/ledger appears to document payments to and from Claimant's mother and other family members, and does not indicate Claimant's ownership of said funds.

Third, Claimant's father, Thu Van Huynh, filed a claim to the Defendant Currency along with a sworn statement that the Defendant Currency is his "lawful property....and represent personal savings." Despite his later claim withdrawal, Claimant's father had still asserted his ownership of the Defendant Currency "under penalty of perjury."

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment     4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fourth, Claimant's sister, Nhung Huynh, who lived at the Eddy Street residence at the time of the seizure, referred to the Defendant Currency as "my parents' money in their rooms," in her Seized Asset Claim Form submitted to ATF, dated September 27, 2011. Specifically, she stated that, "ATF polices [sic] took away my parents' money in their rooms (they share rooms here to live in section 8 of government program housing." Thus, it is her belief that ownership of the Defendant Currency belongs to her (and Claimant's) parents.

Fifth, Claimant's brother, Hien Huynh, stated in a letter to the undersigned that the Defendant $6,550.00 belonged to his (and Claimant's) mother, Sang Tran. Further, Hien Huynh claims that he was the source of the $6,550.00, stating "[t]hree years ago, I gave her $10,000 to prepare to change her denture [sic]." His statement both asserts that the Defendant $6,550.00 belonged to his mother, rather than Claimant, and contradicts Claimant's claim that he (Claimant) was the source of said funds.

Ultimately, Claimant has no ownership interest in the Defendant Currency, which is supported by his own admissions, statements of family members, and documents found with said funds; therefore, he lacks standing to challenge the forfeiture herein. On that basis alone, this Court grants summary judgment in favor of the United States.

### A. The Government has Met Its Burden of Establishing That the Defendant Currency is Subject to Forfeiture

To prevail in this civil forfeiture action, the government has the initial burden of establishing, by a preponderance of the evidence, that the defendant property is forfeitable. 18 U.S.C. § 983(c)(1); see *United States v. $493,850*, 518 F.3d 1159, 1170 (9th Cir. 2008). The government may discharge its burden with circumstantial evidence, and it is not required to trace assets to particular transactions. See *United States v. Real Property Located at 22 Santa Barbara Drive*, 264 F.3d 860, 872 (9th Cir. 2001); *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181, 1189 (7th Cir. 1995); *United States v. Thomas*, 913 F.2d 1111, 1114 (4th Cir. 1990); *United States v. $49,790 in U.S. Currency*, 763 F.Supp.2d 1160, 1167 (N.D. Cal. 2010); *United States v. $97,667.00*, 538 F.Supp.2d 1246, 1253 (C.D. Cal. 2007).

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment    5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

To support forfeiture under a proceeds theory, the government must show a sufficient nexus between the defendant asset and the alleged illegal activity under the aggregate of the facts test. Under that test, the fact-finder considers all of the facts indicative of the alleged illegal activity cumulatively, with no single factor being dispositive, to decide whether there is a sufficient nexus between the property and the alleged illegal activity. *United States v. U.S. Currency, $42,500.00*, 283 F.3d 977, 980-82 (9th Cir. 2002).

In this case, the facts established by the plaintiff, considered in the aggregate, provide the requisite nexus between the Defendant Currency and contraband cigarette trafficking and further support the granting of summary judgment to the government. as a matter of law. The facts establishing the Defendant Currency-cigarette nexus include:

1. <u>Large Sum of Cash is Strong Circumstantial Evidence of the Defendant Currency—Cigarette Trafficking Nexus</u>

The Defendant Currency is a large sum of cash, specifically $31,550.00, which is strong circumstantial evidence of the Defendant Currency—cigarette trafficking nexus. The presence of a large quantity of cash has strong probative value regarding its forfeiture. The Ninth Circuit and other Circuits have ruled that possession of a large amount of cash, standing alone, is evidence which connects the cash to drug trafficking (which is analogous to cigarette trafficking). *See United States v. $129,727 U.S. Currency*, 129 F.3d 486, 491 (9th Cir. 1997); *United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005); *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 501 (8th Cir. 2004); *United States v. $242,484*, 389 F.3d 1149, 1160-61 (11th Cir. 2004); *United States v. $223,178.00 in Bank Account Funds*, 2008 WL 4735884, at *7-8 (C.D. Cal. Apr. 30, 2008); *United States v. $52,000.00, More or Less, In U.S. Currency*, 508 F.Supp.2d 1036, 1041 (S.D. Ala. 2007).

2. <u>Evidence that Defendant $25,000.00 Represents Cigarette Proceeds</u>

The following items establish that that the Defendant $25,000.00 seized from Thu Van Huynh's bedroom constitutes contraband cigarette proceeds.

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment  6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

First, Claimant's father, Thu Van Huynh, from whom the Defendant $25,000.00 was seized, was the addressee of a large box of contraband Vietnamese cigarettes that was seized from the Eddy Street residence on the date of the seizure of the Defendant Currency.

Second, law enforcement documented two parcels addressed to Thu Van Huynh at the Eddy Street address, just prior to the warrant execution, on June 27, 2011, which were opened and found to contain 12 cartons and 9 packs of contraband cigarettes (2,580 cigarettes confirmed).

Third, Thu Van Huynh was sent an Informed Compliance Notice for Cigarettes Imported Through the Mail dated September 22, 2009, addressed to the Eddy Street residence, advising that a U.S. mail package containing cigarettes had been interdicted.

Fourth, Thu Van Huynh has not worked since moving to the United States, and he reports that his only income since 1993 has consisted of public assistance and SSI benefits.

Fifth, Thu Van Huynh did not declare the Defendant Currency as income for purposes of obtaining Seattle Housing Assistance Section 8 monthly rent subsidy payments.

Finally, Thu Van Huynh withdrew his Claim to the Defendant Currency.

### 3. Evidence that Defendant $6,550.00 Represents Cigarette Proceeds

The following items establish that that the Defendant $6,550.00 seized from Sang Tran's bedroom constitutes contraband cigarette proceeds.

First, Claimant's mother, Sang Tran, from whom the Defendant $6,550.00 was seized, did not work since moving to the United States in 1993.

Second, according to her husband, Sang Tran's only income since 1993 consisted of public assistance and SSI benefits.

Finally, Sang Tran did not declare the Defendant $6,550.00 as income for purposes of obtaining Seattle Housing Assistance monthly rent subsidy payments.

### 4. Evidence of Cigarette Trafficking Seized From Eddy Street Residence

Along with the Defendant Currency, agents also seized 422 cartons of contraband cigarettes (84,400 cigarettes), a price list for cigarettes, and a check register.

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment    7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 5. Cigarette Shipments to Eddy Street Residence

First, Claimant's sister, Nga Huynh, was convicted of Unlawful Receipt of Contraband Cigarettes for offense conduct between May 1, 2010, and July 13, 2011, while she lived at the Eddy Street residence, and agreed to a forfeiture money judgment of $57,816.80, representing the proceeds she obtained directly as a result of the offense. Case No. 2:13-cr-265-JCC.

Second, Claimant's brother, Phuoc Huynh, has admitted to picking up boxes from the Post Office and delivering them straight to the Eddy Street residence. Phuoc Huynh, is known to law enforcement to have received massive quantities of contraband cigarette shipments, and his former residence was deemed the #2 *"high volume addressee"* in the United States in June 2010, based on lost tax revenue, specifically, $16,947 one-week tax loss.

Third, agents retrieved 83 contraband cigarette parcels in the trash/recycling at the Eddy Street residence on February 11, 2011, after such parcels were delivered in a controlled delivery to Phuoc Huynh on February 4, 2011.

Fourth, investigators at JFK Airport documented approximately 42 parcels in the mail addressed to Nga Huynh, Lan Huynh, and Dung Le, at the Eddy Street address (50,400 cigarettes suspected) between June 21 and June 25, 2010.

Fifth, Claimant's sister, Nhung Huynh, admitted to selling and receiving cigarettes at the Eddy Street residence before the execution of the warrant at the Eddy Street residence. She acknowledged that she possessed 300 cartons of cigarettes in her room at the Eddy Street residence on July 13, 2011.

Finally, Claimant's sister, Lan Huynh, admitted that she received approximately two parcels of cigarettes per week, or about 12 cartons, at the Eddy Street residence. She further admitted to selling the cigarettes out of the Eddy Street residence.

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment     8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 6. Large, Unexplained Wire Transfers by Eddy Street Residents

Five $15,000 wire transfers to Vietnam, totaling $75,000.00, were sent by Nga Huynh and Thuan Tuong, whose address per their Wells Fargo bank statement was 3825 S. Eddy Street, from May 5, 2010, through January 24, 2011.

Twenty-four (24) wire transfers to Vietnam totaling $69,000.00 were sent by Hien Huynh, whose address per his Wells Fargo bank statement was 3825 S. Eddy Street, from April 21 through July 28, 2009.

Sixty-four (64) wire transfers to Vietnam totaling $185,230.00 were sent by Hien Huynh, whose address per his Wells Fargo bank statement was 3825 S. Eddy Street, from August 4, 2009 through April 11, 2011.

### 7. Large, Unexplained Cash Deposits by Eddy Street Resident

During the search of the Eddy Street residence, agents discovered bank statements for an account held in the name of Nhung Huynh at the Eddy Street address, reflecting cash deposit activity in even dollar amounts, including: $10,000.00 cash deposit on February 7, 2011; $5,000.00 cash deposit on February 7, 2011; $3,000.00 cash deposit on May 9, 2011; $2,000.00 cash deposit on June 6, 2011; and $2,900.00 cash deposit on July 1, 2011. In 2009, alone, Nhung Huynh deposited $67,283.64 into the account, including direct deposit paychecks and $31,625.00 in cash deposits. A 2009 Form 1040 tax return for Nhung Huynh and her husband showed $34,303.00 total reported wages, all of which were attributable to her. Cash deposits into the account totaled $68,225.00 from January 1, 2009 through July 29, 2011. As a result, the government seized $51,083.53 from said account, which is subject to forfeiture herein, as proceeds of cigarette trafficking.

Based on the foregoing, the government has provided more than sufficient evidence to support the forfeiture of the Defendant Currency. The undisputed facts establish that (1) the Eddy Street residence, from which the Defendant Currency was seized, received massive quantities of cigarette shipments; (2) many of its residents have admitted and/or been convicted of receiving contraband cigarettes at the Eddy Street residence and/or using the residence to sell cigarettes; (3) several of its residents made large, unexplained wire transfers

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment   9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

and cash deposits during the time period prior to seizure of the Defendant Currency; and (4) the Defendant Currency was seized from the bedrooms of two persons who have no reported income aside from Social Security and public assistance.

**B. Claimant Failed to Sustain His Burden of Proof**

Claimant has failed to produce any evidence supporting his claim of ownership of the funds, or that the funds were derived legitimately. He also failed to appear at his deposition on May 14, 2015, wherein the government had planned to ask him detailed questions focusing on the issues of ownership, his claim of legitimacy of the Defendant Currency, and discrepancies involving his discovery responses. Claimant has failed to provide any evidence to refute the evidence provided by the government that the Defendant Currency is proceeds of contraband cigarette trafficking in violation of 18 U.S.C. § 2342(a). Claimant has no legally cognizable interest in Defendant Currency, and thus lacks Article III standing to contest the forfeiture of the Defendant Currency.

Summary judgment is hereby granted in favor of the United States.

DATED this 20th day of July, 2015.

_____
ROBERT S. LASNIK
United States District Judge

Presented by:

/s/Richard E. Cohen
RICHARD E. COHEN
Assistant U.S. Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-4665
(206) 553-6934 (fax)
Email: Richard.E.Cohen@usdoj.gov

*United States v. $1,101.00 in United States Currency, et al.*
Case No. 2:11-cv-2120-RSL
Order Granting U.S.' Motion for Summary Judgment    10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970